# Wanzer, Appellant, *v.* Barker.

The constitutionality of the forthcoming bond law is well settled.

Wanser and Wanzer are *idem sonans*.

An endorsement .on the *fi. fa.* by the sheriff, bond taken and forfeited, is a sufficient return of forfeiture of the forthcoming bond : the statute does not prescribe in what particular manner the officer's return shall be made.

The defendant cannot move to quash for defects in the bond after the return term.

A printed scroll is a sufficient seal.

APPEAL from the Circuit Court of the county of Jefferson.

Moses Wanzer brought an action against Samuel Barker, in the Jefferson Circuit Court, at the December Term, 1835, on a promissory note, and recovered judgment thereon.

Execution issued on said judgment, *fi. fa.* returnable to December Term, 1836, on which the sheriff made the following return, viz: "Rec'd. August 8, 1836, bond taken and forfeited." A forthcoming bond then follows, reciting the execution and the levy thereof on two negroes, Jacob and George, &c. and said bond is signed and sealed by Barker, and Neal Torry, his surety.

Execution then issued on said bond against principal and surety, reciting the original execution and forthcoming bond, and the forfeiture thereof, on which the sheriff returned to the December Term, 1838, that the same was stayed by order of the judge, &c. till the 2d day of that term; an *alias fi. fa.* then issued to the June Term, 1839, on which the sheriff returned, "taken up by bill of exceptions."

Another *fi. fa.* appears to have issued previously, returnable to June Term, 1838; returned, levied on two slaves, and taken up by *supercedeas*.

At June Term, 1839, the defendants in execution moved the said Circuit Court to quash the forthcoming bond and execution thereon. "1st. Because there is no return upon said bond by the sheriff of Jefferson county, showing that the said bond is or was forfeited. 2d. Because the said bond does not show that the execution on which it was given was issued upon a judg-

ment of any court whatever.   3d. Because there is no seal or written scroll of the said defendants, or either of them, on said paper purporting to be a bond, there being annexed to their names only a printed impression, which is neither the seal of the defendants or their scroll, as required by law, to give such paper the dignity of a sealed instrument.   4th. Because there is no judicial record, by any judicial officer of the state, showing the forfeiture of said bond; and because no name of the sheriff, *however* made, can in law give to such record or paper the dignity or character of a judgment; such attempt is or would be a violation of the constitution of the state of Mississippi, the acts of sheriffs being ministerial and incapable under the constitution of doing or performing judicial acts.   5th. That said execution be quashed, because there is no judgment to sustain it, and because the parties are different, and the same is otherwise defective, &c."— Which motion was overruled: and appeal was prayed for and granted.

A bill of exceptions was taken to the opinion of the court, in which it is stated that the judge overruled the motion to quash, because a term had intervened after that to which the bond had been returnable, and because the execution was in conformity to the bond.

Sanders for appellant.

The grounds of the motion contain all the positions I contend for, and the question is, are they, or any one of them tenable?

In relation to the first ground set out for quashing, I suppose it must turn upon the just construction of the act of the legislature, authorising the taking of such bond, and the manner of showing a forfeiture.   The 28th section of the act to reduce into one the several acts concerning executions, and for the relief of insolvent debtors, Revised Code, page 203, amongst other things provides, to-wit: "and if the owner of such property or defendant in the execution shall fail to deliver up the same, according to the condition of the bond, or to pay the money mentioned in the execution with all interest and costs, such sheriff or officer shall return the bond with the execution, to the office of the clerk of the court, from which the execution issued, and that the bond was forfeited;

[Wanzer, Appellant, *v.* Barker.]

and every forthcoming bond which shall be forfeited, shall have the force and effect of a judgment, and thereupon it shall be lawful for the clerk of the court, immediately upon the return of every such bond forfeited to issue execution," &c.   On this bond there is no return.   The language of the act and propriety itself, would seem to require that the return should be made upon the bond. A paper of this kind, although the act of a mere ministerial officer, having the force of a judgment on a certain contingency, that contingency to be determined by a mere ministerial agent, ought in all propriety, to carry about it the evidence of that contingency, and the return should be made upon it.   If this paper is a judgment, how can you go behind it to impeach it.   There is no appeal from it, no writ of error lies to it, then how important that it should contain the return of "forfeited," which alone gives it efficacy?   I know that these questions are regarded by the bar to a considerable extent as merely technical.   I think otherwise; I regard this as a most imposing one; no usage or practice, or principle of expediency should be allowed to sustain such bond, if it is not a judgment conformable to law.   In the present embarrassed condition of this country, half of the estates in it may be changed by the returns of sheriffs, upon other papers liable to be lost or mislaid, of which there is no record, and which in future contests may be held or lost, as this or that judge or judicial tribunal may regard this question.   Judgments should be certain to every intent, and should not be made to depend upon a memorandum on another paper, or other record, by a mere ministerial officer.

The second proposition is worthy the reflection and consideration of the court.   Such a bond should show that it was taken upon an execution which issued upon a judgment, and name the court or tribunal so as to make its connection certain, beyond cavil, as the home of the citizen and every thing valuable in property are made to depend upon them.   This bond contains no such statement.

Third, there is neither seal or scroll to the bond.   For the despatch of business, the sheriff provided printed scrolls, not made by the parties, not the seal of a party.   The law allows him to make a scroll, it must be his own.

The fourth ground is one which I rely upon with every confi-

31*

dence of success. There is no judicial act shown in this record which can give to the bond moved to be quashed, the effect and force of a judgment, or which can sustain the execution issued upon it.

The first and second section of the second article of the constitution of the state of Mississippi, reads as follows: § 1. The powers of the government of the state of Mississippi shall be divided into three distinct departments, and each of them confided to a separate body of magistracy, to wit: those which are legislative, to one; those which are judicial, to another; and those which are executive, to another. § 2. No person, or collection of persons, being of one of these departments, shall exercise any power properly belonging to either of the others, except in the instances hereinafter expressly directed or permitted.

The exception does not apply to the office of sheriff. A justice of the peace is capable of being elected to the legislative or executive branch. The office of sheriff constitutes no part of the judicial magistracy of this state; he belongs to the ministerial or executive magistracy, and no act or record of his can under the constitution of this state be legislated into a judgment. Such legislation is in violation of the constitution, and is void. I know how apt courts are to evade this question; I know the judicial mazes which have been thrown around it, and although bewildered under their influence, the court which will take the pure lights of the constitution as its guide, will not be blinded by the one or affected by the other.

The preservation of constitutional rights, is of infinitely more concern to the citizen, than those expedients invented for the hasty enforcement and collection of debts by the legislature.

Besides the constitutional question, which I regard as conclusive upon this point, there is another connected with the judicial effect of the supposed bond, equally so. The execution upon which the bond is supposed to be based, is in favor of Moses Wanzer—the bond in favor of Moses Wanser. It is taken in virtue of a seizure of property. We are not advised whose property it was, or whether they were slaves. Philip O. Hughes, styling himself sheriff, makes the return upon the execution of "*forfeited,*" the undertaking of the bond is that Barker shall well and

truly deliver the said property to *George Torry, Sheriff*.  Is not this a departure fatal to the bond?   The statute on the subject of forthcoming bonds is strictly construed.   See the case of Jones *et al. v.* Miles, 1 Howard, 50.

The fifth ground moves to quash the execution, because there is no judgment to sustain it, and because the name of the plaintiff in the bond is different from that of the plaintiff in the execution.   On a plea of *nul tiel record*, this court would not find that the name of Wanzer was the same of Wanser.   For the reasons and authorities before referred to, I contend that the judgment of the circuit court be reversed, and that this court direct that said execution and bond be quashed.

Thrasher, *contra*.

Three errors are assigned by the appellants in this case :

1st. That the judgment of the circuit court is erroneous and against law.

2d. That the circuit court erred in overruling the motion of the appellant, at the June Term, 1829, to quash the forthcoming bond.

3d. That the court erred in not quashing the said bond and execution thereon.

In an assignment of error, so laconic, it is difficult to perceive upon what ground the appellants rely to reverse the judgment.— And yet, no difficulty can arise in demonstrating to the court why the judgment should not be reversed.   1. Because neither the record nor the bill of exceptions show, with sufficient certainty, what bond or execution the court refused to quash. 2. Because an appeal does not lie from the judgment of a court overruling a motion to quash.   And 3. Because the court committed no error in overruling the motion, according to the record before the court.   The bill of exceptions refers to a bond and an execution, but neither of them are inserted in it ; and it is impossible for the court to supply the *vacuum*, or to undertake to decide on documents not legally before them, the bill of exceptions being conclusive upon the court.   Cox's Digest, 104.   It is true that the record contains a bond and various executions ; but they do not correspond in description, marks, or brands, with those

referred to in the bill of exceptions; and even if they did, the court cannot legally know them to be the same. The case of Berry *v.* Hall, however, 1 Howard, 318, is thought to be conclusive on this point.

The second assignment of error is, that the court erred in overruling the motion to quash the execution and bonds. That this cannot be assigned as error, and consequently an appeal lie, is evident, upon the principle that all such motions are addressed to the sound discretion of the court. Courts of law will often interfere by summary proceedings on motion, and quash an execution erroneously awarded, where a writ of error or other remedy, such as a writ of *audita querela,* would clearly lie. But because a court may, it does not follow that it is thus to act in a summary manner; for in such cases the motion is not granted *ex debito justitiæ,* but in the exercise of a sound discretion by the court; and such was the opinion of Chancellor Kent, in the case of Brooks *v.* Hunt, 17 Johnson, 484. The case of Boyle *v.* Zacharie & Turner, 6 Peters, 648, is clear on this point. Judge Story, in the decision of that case, says, " We consider all motions of this sort, to quash executions, as addressed to the sound discretion of the court, and as a summary relief which the court is not compelled to allow. The party is deprived of no right by the refusal; and he is at full liberty to redress his grievances by writ of error, or *audita querela,* or other remedy known to the common law. The refusal to quash is not, in the sense of the common law, a judgment; much less is it a final judgment. It is a mere interlocutory order. Even at the common law, error only lies from a final judgment." 6 Peters, 657. The statute allowing the appellant or plaintiff in error to assign as error the overruling of a motion for a new trial, does not apply to the overruling of a motion to quash an execution or bond. Laws of Mississippi, 314.

Third and lastly. The bond in the record is signed, sealed, and in due form of law. It recites the levy of the executions in the body, and of the constitutionality of a judgment by operation of law on a forfeited bond there is no question; nor that an execution cannot be quashed after it is dead, or the return day has expired. 4 Wheaton, 235.

[Wanzer, Appellant, *v*. Barker.]

Turner, Justice, stated the case, and gave the opinion of the Court.

The errors assigned are in substance the same as the grounds taken for quashing the bond and execution.

The main question raised in this case, to wit, the constitutionality of the forthcoming bond law, and the proceedings under it, have been so often and so uniformly decided in favor of both, that it is not necessary to discuss it.   This act is made to favor defendants in execution; it is a modification of the rights of an execution, in favor of the defendant, and not of the plaintiff, of the debtor, and not of the creditor.   A plaintiff in error should show errors to his prejudice, and not in his favor.   Whether the plaintiff's name is spelt Wanser or Wanzer, makes no difference.

The act allowing a forthcoming bond to be taken, does not prescribe in what manner the sheriff's return shall be made; and it sufficiently appears, by the return of the sheriff on the execution, that a bond was taken and forfeited.   If there had been no such bond, and no forfeiture, or an insufficient bond, the court to which it was returnable was competent to correct the error.   The law allows a day in court between the giving of the bond and the time for issuing execution thereon, for an aggrieved party to be heard: when and where the facts can be spread upon the record, so as to be susceptible of review in the Court of Errors.   As to the seal and other defects, the record shows seals to the names of the obligors, and the bond is in the form of a bond, and shows sufficient matter of substance in every particular to sustain the judgment of the court below.

Besides, the appellant was too late in moving to quash, when they suffered a term to pass, and the judge did not err in taking that view of the subject.

The judgment must be affirmed.